# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

REGINALD HOLLIMAN,
ADC #154670                                                                PLAINTIFF

V.                          4:17CV00630 KGB/JTR

BRAY, Deputy,
Pulaski County Regional Detention Facility, et al.         DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff Reginald Holliman ("Holliman") is a prisoner in the Pulaski County Regional Detention Facility ("PCRDF"). He has filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights. Before Holliman may proceed with this case, the Court must screen his Complaint.[1]

## II. Discussion

### A. Failure to Protect Claim

Holliman contends that, on July 25, 2017, he got into an argument with his cellmate, Defendant Billy Joe Plummer ("Plummer"), over a dead bug that Plummer left on Holliman's "personal items." *Doc. 2 at 5.* Later that day, Hollimon told Defendant Deputy Bray ("Bray") about the argument; explained to her that it was not their "first argument"; and asked to be moved to another cell. *Id.* Bray allegedly ordered Plummer to dispose of the dead bug and to apologize to Holliman. *Id.* According to Holliman, Bray told him that he could not be relocated to another cell because the barracks were full. *Id.*

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

The following day, Holliman and Plummer got into another argument because Plummer was wearing Holliman's "durag." *Doc. 2 at 6.* During the argument, Plummer elbowed Holliman in the face, causing Holliman to sustain a concussion, a swollen mouth, and a tear in his left pupil. *Id.*

Holliman alleges that Plummer violated his constitutional rights by hitting him in the eye and face. A § 1983 action can only be filed against a "state actor" or a person acting under "the color of state law." *See* 42 U.S.C. § 1983; *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 830 (8th Cir. 2005); *see also Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (explaining that: "Section 1983 secures most constitutional rights from infringement by governments, not private parties"). It is clear from the Complaint that Plummer is a private party, who in no way acted under color of law when he hit Holliman. Thus, Plummer is not a proper Defendant in this § 1983 action, and all claims against Holliman's claim against him should be dismissed, with prejudice.

Holliman also alleges that Bray failed to prevent the July 25, 2017 attack. To state a viable § 1983 failure to protect claim against Bray, who was a state actor, Holliman must plead facts demonstrating that: (1) objectively, there was a substantial risk that he would be seriously harmed by Plummer; and (2) subjectively, Bray knew of and deliberately disregarded that substantial risk of serious harm. *See Walls v. Tadman*, 762 F.3d 778, 782 (8th Cir. 2014); *Schoelch v. Mitchell*, 625 F.3d

1041, 1046 (8th Cir. 2010). As to the second element, the Eighth Circuit has emphasized that deliberate indifference includes something more than negligence or even gross negligence. *Tucker v. Evans*, 276 F.3d 999, 1002 (8th Cir. 2002). Instead, deliberate indifference "requires proof of a reckless disregard of the *known* risk." *Holden v. Hirner,* 663 F.3d 336, 341 (8th Cir. 2011) (emphasis added).

In his Complaint, Holliman contends that he told Bray he wanted to be moved to another cell because he had previously argued with Plummer over his annoying behavior, like placing a bug on Holliman's "personal items." However, nothing in the Complaint suggests that Holliman told Bray that he feared Plummer might *physically harmed him. See Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998) (holding that arguments and "threats between inmates are common"). The Complaint is devoid of any facts suggesting that Bray was deliberately indifferent to a "known risk" that the verbal disagreements between Holliman and Plummer would escalate into a physical altercation. *See Farmer v. Brennan*, 511 U.S. 825, 838 (1994) (holding that a prison official's negligent failure to detect a substantial risk of harm cannot be a basis for § 1983 liability); *Schoelch v. Mitchell,* 625 F.3d 1041, 1048 (8th Cir. 2010) (explaining that a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

Because Holliman has failed to plead a viable § 1983 claim against Plummer

and Bray, the Court recommends that the claims Holliman has asserted against them be dismissed, without prejudice.

## B. Inadequate Medical Care Claim

Holliman alleges that, immediate after the July 25, 2017 attack, he was seen by a non-party nurse. The non-party nurse concluded that Holliman's injuries did not justify him being transported to a local hospital. Instead, she gave Holliman an ice pack for his eye and said that he needed to be seen by the "charge nurse" because "the doctor had left for the day." *Doc. 2 at 7*. Defendant Bahen ("Bahen") was the "charge nurse" on July 25 and, for unknown reasons, she never examined Holliman.

Instead, on July 26, 2017, Holliman alleges that the PCRDF medical director examined him and determined that he had a tear in his left pupil. According to Holliman, the medical director "stated that I should've been seen by a doctor the day of my assault because my eye needed stiches, but because I wasn't seen, there was nothing she could do but prescribe me eye drops and something for the pain in my eye." *Id. at 8*.

To state a viable a § 1983 inadequate medical care claim against Bahen, Holliman must plead facts demonstrating that: (1) he had an objectively serious need for medical care for his eye; and (2) Bahen subjectively knew of, but deliberately disregarded, that serious medical need. *See Saylor v. Nebraska*, 812

F.3d 637, 644 (8th Cir. 2016); *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). Deliberate indifference goes well beyond negligence or gross negligence and "requires proof of a reckless disregard of the *known risk*." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001) (emphasis added). In other words, "there must be *actual knowledge* of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell,* 141 F.3d 1290, 1291 (8th Cir. 1998) (emphasis added).

Holliman's has not pled any facts suggesting that Bahen subjectively knew he had an eye injury that was objectively serious and required evaluation by a physician or that she subjectively knew of, but deliberately disregarded, that serious medical need. While Holliman alleges that an unspecified nurse said he needed to see the "charge nurse," *nothing* in the Complaint suggests that this information was passed on to Bahen. Accordingly, there is *no factual basis* to support Holliman's claim that Bahen was deliberately indifferent for failing to examine his injured eye before he was seen by the PCRDF medical director the day after he was injured.

Thus, because Holliman has failed to plead a viable § 1983 inadequate medical care claim against Bahen, the Court recommends that this claim be dismissed, without prejudice.

**C.    Supervisor Liability Claim**

Holliman alleges that Defendant Sheriff Doc Holliday "should be held

6

responsible" for the July 25, 2017 attack and the alleged lack of medical care he received for his because "it's his jail and his employees, and medical staff did not follow protocol as properly trained." *Doc. 2 at 10.*

Defendant Holliday cannot be held vicariously liable for the constitutional violations committed by his subordinates. *See Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Rather, Defendant Holliday can only be held liable if he enacted or enforced *unconstitutional* policies or practices that caused the violation of Holliman's constitutional rights. *See Parrish,* 594 F.3d at 1001. Holliman does *no*t make any such allegation against Defendant Holliday, and claims only that his constitutional rights were violated because Defendant Holliday's subordinates *failed to follow* the facially constitutional "protocols" and training. *See Johnson v. Blaukat,* 453 F.3d 1108, 1114 (8th Cir. 2006) (finding no § 1983 liability where the county's policies, which were facially constitutional, were not followed by county employees).

Thus, because Holliman has failed to plead a viable § 1983 claim against Defendant Holliday, the Court recommends that this claim be dismissed, without prejudice.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Holliman's claims against Plummer be DISMISSED, WITH PREJUDICE.

2. Holliman's claims against Bray, Bahen, and Holliday be DISMISSED, WITHOUT PREJUDICE.

3. The dismissal of this action count as a "STRIKE," as defined by 28 U.S.C. § 1915(g).

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 14th day of November 2017.

_____
UNITED STATES MAGISTRATE JUDGE